## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **FLAGSTAR BANK, FSB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 2014-0026** |
| | ) | |
| **FRANKLYN CLOUDEN, a married man,** | ) | |
| **and ABBEY B. CLOUDEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**Attorneys:**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" filed by Plaintiff Flagstar Bank, FSB ("Flagstar") against Defendants Franklyn Clouden and Abbey B. Clouden (the "Cloudens"). (Dkt. No. 13). For the reasons discussed below, the Court will grant Plaintiff's Motion for Default Judgment.

## BACKGROUND

On June 5, 2014, Flagstar filed a Complaint against the Cloudens, alleging causes of action for debt and foreclosure of real property mortgage. (Compl., Dkt. No. 1). Flagstar asserts that the Cloudens are titleholders of record to real property ("the Property"), which is described in the Warranty Deed attached to the Motion for Default Judgment as:

> Plot No. 567 of Parcel 13 of Estate Mount Pleasant, Prince Quarter, consisting of 10,384.76 square feet, as more fully shown on OLG Drawing No. 5218 dated April 20, 2001, revised March 8, 2002.

(Dkt. No. 14-1). The Complaint alleges that, on November 3 2011, Franklyn Clouden executed and delivered to Flagstar a promissory note (the "Note"), which obligated him to pay the principal amount of $224,656.00, together with an initial interest rate of 3.872% per annum until April 1, 2017, and thereafter at a variable rate subject to change on that day of each subsequent year, based on the weekly average yield on one-year United States Treasury securities, plus a margin of two percentage points. (Dkt. No. 1, ¶ 7). Pursuant to the terms of the Note, payments were to be made in consecutive monthly installments beginning in December 2011. *Id.* ¶ 8. To secure payment on the Note, the Cloudens granted to Flagstar and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar and its successors and assigns, a first priority mortgage dated November 3, 2011 over the Property (the "Mortgage"), which provided that the Cloudens would pay to Flagstar the payments due under the Note. *Id.* ¶¶ 10-11. On April 8, 2014, MERS—for itself and as nominee for Flagstar—assigned its entire interest in the Property to Flagstar (the "MERS Assignment"). *Id.* ¶ 12.

With regard to the debt cause of action, the Complaint further alleges that, on or about November 1, 2013, Franklyn Clouden defaulted under the terms and conditions of the Note in that monthly installments of principal and interest became due and were not paid; that Flagstar gave notice of default to Franklyn Clouden by correspondence dated December 16, 2013, advising him that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien; and that, as of the date of the Complaint, the default had not been cured and Franklyn Clouden remained in default under the terms of the Note and Mortgage. *Id.* ¶¶ 15-17. Pursuant to the terms of the Note and Mortgage, Flagstar elected that the principal sum with all unpaid accrued interest was immediately due and payable. *Id.* ¶ 18. The Complaint alleges that Franklyn Clouden owes Flagstar the unpaid principal balance; plus accrued interest,

advances, expenses, fees, costs, and late charges. *Id.* ¶ 19. Flagstar further asserts that, under the terms of the Mortgage, it is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with regard to the Property, and that under the terms of the Note and Mortgage, it is entitled to be reimbursed for reasonable attorney's fees and other expenses it has incurred to enforce payment of the Note or incidental to foreclosure of the Property. *Id.* ¶¶ 21-22.

With regard to the foreclosure cause of action, the Complaint alleges that Flagstar has actual possession of and ownership rights to the Note and Mortgage, allowing it to maintain the foreclosure action; that the Cloudens are in default under the terms and conditions of the Mortgage; and that Flagstar is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from Franklyn Clouden. *Id.* ¶¶ 25-28.

The Cloudens were personally served with copies of the Summons and Complaint on August 5, 2014. (Dkt. Nos. 4, 5). They have neither answered the Complaint nor appeared in this action. On October 21, 2014, Flagstar filed an Application for Entry of Default against the Cloudens. (Dkt. No. 8). The Clerk of Court entered default against the Cloudens on October 31, 2014. (Dkt. No. 10).

On January 14, 2015, Flagstar filed its Motion for Default Judgment (the "Motion") (Dkt. No. 13), along with a Memorandum of Law in Support of Motion for Default Judgment (Dkt. No. 14), an Affidavit of Indebtedness (Dkt. No. 15), and a Declaration of Counsel in Support of Fees and Costs. (Dkt. No. 16). In its Memorandum of Law, Flagstar argues that the procedural elements for default judgment have been satisfied because: the Cloudens were properly served with copies of the Summons and Complaint; the Clerk entered default against them; and they are not infants or incompetent persons, nor in the military service. (Dkt. No. 14 at 7). Flagstar further contends that the pleadings in this action provide a sufficient basis for entry of default judgment

on the merits of its claims, as the documentation shows that: title to the Property is held by the Cloudens;[1] Franklyn Clouden executed the Note and the Cloudens executed the accompanying Mortgage; Flagstar has possession of the original Note and is holder of the Mortgage in its own right and by way of the MERS Assignment; the Cloudens defaulted under the terms of both the Note and the Mortgage; Flagstar gave the Cloudens proper notice of the default and they failed to cure the default; and Flagstar elected to accelerate the amounts due and owing upon default, and foreclose on the Property. *Id.* at 8. In addition, Flagstar asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 8-11.

In support of the Motion, Plaintiff filed an Affidavit of Indebtedness, signed by Andrea Bilek, a Flagstar Foreclosure Analyst, who explained how the Bank's document management system keeps track, and maintains records, of debit and credit transactions related to the Mortgage and original Note. (Dkt. No. 15, ¶¶ 3-8). The Affidavit sets forth the amounts due and owing through January 1, 2015: $216,107.34 in unpaid principal balance; interest from October 1, 2013 through January 1, 2015 of $9,762.34; escrow advances of $7,005.01, consisting of mortgage insurance, hazard insurance, and property taxes; accumulated late fees of $451.76; and inspections or other property preservation fees of $130.00; for a total amount due of $233,456.45. *Id.* ¶¶ 10-13. Ms. Bilek asserts that interest accrues at the monthly rate of $697.31 for each month after December 1, 2014 until paid. *Id.* ¶ 14. She also states that, based on the information she reviewed in connection with the loan, she had no information indicating that the Cloudens were either minors or incompetent. *Id.* ¶ 16. In addition, pursuant to an investigation Flagstar conducted on October 23, 2014 using official online resources provided by the

---

[1] The Warranty Deed shows that the Property was deeded to Franklyn Clouden. (Dkt. No. 14-1).

4

Department of Defense's Manpower Data Center, there was no record that the Cloudens were active members of the military service. *Id.*; Dkt. No. 15-8.

In the Declaration of Counsel in Support of Costs and Attorney's Fees, Flagstar's Counsel, A. Jennings Stone, Esq., averred that he, as a Senior Associate Attorney, and Attorney Adam N. Marinelli, billed at $250.00 per hour on this matter, and that paralegal Pam Bayless billed at $125.00 per hour. (Dkt. No. 16). He attached billing records showing that the total time spent on this matter was 15.10 hours through January 13, 2015; that the total amount of attorney's fees incurred was $3,737.50; and that the total amount of costs expended was $674.00. *Id.*; Dkt. No. 16-1.

## APPLICABLE LEGAL PRINCIPLES

In an application for an entry of default judgment, "'the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment.'" *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an

> affidavit of non-military service in compliance with the [Servicemember's] Civil
> Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting

*Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R.

Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May

28, 2009). Additionally, the Court must assess three factors when determining whether default

judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the

defendant appears to have a litigable defense, and (3) whether defendant's delay is due to

[defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v.*

*$55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

## <u>ANALYSIS</u>

### A.  Default Judgment

Flagstar has satisfied all of the requirements necessary to obtain a default judgment

against the Cloudens. It has shown that: (1) default was entered against the Cloudens by the

Clerk of Court (Dkt. No. 10); (2) the Cloudens have not appeared; (3) the Cloudens are neither

infants nor incompetent persons (Dkt. No. 15, ¶ 16); and (4) the Cloudens were validly served

with process. (Dkt. Nos. 4, 5). In addition, Flagstar provided copies of Military Status Reports

from the Department of Defense Manpower Data Center showing that Franklyn Clouden and

Abbey B. Clouden are not in the military service as defined in the Servicemember's Civil Relief

Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 15-8). Flagstar has also shown with specificity how

it calculated the amount of the judgment. (Dkt. No. 15).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to

Flagstar resulting from the Cloudens' breach of their contractual obligations, together with the

apparent absence of a litigable defense, weighs in favor of the Court granting default judgment.

In addition, the Cloudens' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

### B. Attorney's Fees and Costs

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b).

Under both the terms of the Note and Mortgage, the Bank may recover "reasonable" attorney's fees. (Dkt. No. 15-1, ¶ 7(C); Dkt. No. 15-2, ¶ 18). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013).

"To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne Corp. v. Gov't of Virgin*

7

*Islands*, 2012 WL 369535 at \*10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at \*10.

Assessing the second step first—whether the hourly rate sought is reasonable—Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at \*3 (D.V.I. July 9, 2012) (citing cases). Flagstar has also provided affirmations from three Virgin Islands attorneys who aver that the typical hourly rate for similar services charged by comparable attorneys in the Virgin Islands is between $250.00 and $300.00 per hour, although the hourly rate for an experienced partner ranges from $225.00 to $400.00. (Dkt. Nos. 13-3, 13-4, 13-5). The Court therefore concludes that the $250.00 per hour rate charged by Flagstar's attorneys, as associates in their law firm, is reasonable and falls within the scope of rates for such services. (Dkt. No. 16).

Turning to the first step of the analysis, Flagstar seeks $3,737.50 in attorney's fees as compensation for 15.10 hours of work billed in this matter. Based on the Court's review of the documentation provided, the Court finds that the hours billed were reasonably expended. *See, e.g., Bank of America v. Deshazer*, 2014 WL 7450487, at \*5 (D.V.I. Dec. 30, 2014) (awarding $3,645.00 in attorney's fees); *Nationstar Mortgage, LLC v. Wilcox,* 2013 WL 3376719, at \* 5 (D.V.I. July 5, 2013) (awarding $3,337.50 in attorney's fees). Based on the foregoing, the Court

concludes that the $3,737.50 sought in attorney's fees is reasonable. Accordingly, the Court will award attorney's fees in that amount.

With regard to costs, under the terms of the Mortgage, the Lender is entitled "to collect all expenses incurred in pursuing the remedies provided in this paragraph[.]" (Dkt. No. 15-2, ¶ 18). The Court infers that in order for costs to be reimbursed, they must be reasonable. *Cf. Lewis v. Mazda Motor of Am.,* 2012 U.S. Dist. LEXIS 180222, at \*7 (D.V.I. Dec. 20, 2012) (awarding reasonable costs in discovery dispute); *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at \*3 (D.V.I. Dec. 20, 2007) (opining that Virgin Islands fee-shifting statute governing the award of attorney's fees and costs permits reimbursement for reasonable fees and costs). The Bank is seeking reimbursement of $674.00 for the following costs: title search, recording fees, on-line search on Accurint (People/Business search), filing fees for Complaint, and messenger service. (Dkt. No. 16-1). The Court finds that these costs are reasonable, and—pursuant to the plain language of the Mortgage contract—will award costs in the amount of $674.00.

## CONCLUSION

Flagstar has satisfied the requirements necessary for entry of a default judgment against Franklyn Clouden and Abbey B. Clouden. Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 13) on the debt and foreclosure causes of action will be granted. In addition, the Court will award $3,737.50 in attorney's fees and $674.00 in costs, for a total award of $4,411.50 in attorney's fees and costs through January 13, 2015.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: May 27, 2015

_____/s/_____
WILMA A. LEWIS
Chief Judge